NATHAN CARPENTER as ADMINISTRATOR, ETC., of CHARLES CARPENTER, DECEASED, RESPONDENT, *v.* THE BUFFALO, NEW YORK AND PHILADELPHIA RAILROAD COMPANY, APPELLANT.

*Action to recover damages for a negligent killing — what facts are to be considered by the jury — they must be based upon the evidence laid before them — when a verdict will be set aside as excessive and not justified by the proofs.*

APPEAL by the defendant from a judgment in favor of the plaintiff, entered on a verdict for $4,000 rendered at the Erie Circuit, and from an order denying a motion for a new trial made on a case and exceptions.

The action was brought to recover damages alleged to have been sustained by the death of the plaintiff's intestate who was alleged to have been killed by the negligence of the defendant.

On the 5th day of January, 1884, the plaintiff's intestate was killed at a highway crossing of the defendant's railroad in the town of Wales, Erie county.

The court at General Term, after holding that the evidence was sufficient to sustain a verdict in favor of the plaintiff, said:

"The learned counsel for the defendant contends that the amount of the verdict is excessive. The deceased was an unmarrried man aged thirty-three years, of good habits and industrious.

"He lived with his father and worked on the farm of the latter, and had done so from his boyhood. This is all that appeared except that he had two brothers also then living with their father on the farm which was not a large one.

"The deceased usually drove the team. The age and condition

of the father did not appear, nor was there any evidence given of any arrangement between him and his father in respect to his service.   The recovery was $4,000.

" The father is the sole next of kin, and the recovery is for his benefit.   (2 R. S., 96, § 75, sub. 7 ; Code Civ. Pro., § 1903.)

" The contention on the part of the defendant is that nothing appears to support the conclusion that the father has suffered any pecuniary injury by the death of his son within the meaning of the statute.   (Code Civil Pro., § 1904.)   Since the right of action in such cases was given by statute the question of damages and the basis upon which they may be allowed have many times been in the courts and had consideration.   The estimate of them does not necessarily depend upon the pecuniary condition of the next of kin as distinguished from the loss suffered, nor are they dependent upon a legal duty or obligation of the deceased during the time of his life or in the future if he had continued to live.   While the injury must be pecuniary merely and the damages ascertained from the evidence, their sources may not be in the loss, impairment or destruction of any established legal right, but in the deprivation of what reasonably may be or may have been expected, by those for whose benefit the recovery is had, from the continuance of the life of the deceased.   Nor are they confined to the present loss or injury, but may include such as the jury may upon the evidence believe and find will in the future result from the death as the proximate cause of it.   The prospective injuries may be in the loss of aid, care and attention, whether by services and money or either, and by advice, direction and protection or either in business, whether for purposes of accumulation or preservation of the estate of the next of kin.   In fact ' the statute has set no bounds to the sources of those pecuniary injuries.'   There may be difficulty in finding support for the estimates made in any well defined rule of reasoning or in the logic of the facts presented by the evidence, but that is usually for the jury to demonstrate by their verdict only, in finding which they are required to keep within the limit, in respect to amount, prescribed by the statute.

" These damages are found in the natural and rational consequences which in the judgment of the jury have resulted, and may, and therefore will, result to the next of kin when such alone are the

sufferers of those named in the statute as the beneficiaries of the recovery. They are not susceptible of direct proof, and no evidence of actual injury is necessary to support an action other than such as may show the relation and situation of those who may be entitled to the fruits of the remedy. The amount of recovery is dependent much in the ability of the deceased in his lifetime, or that which he might, if living, possess in future, hence his mental and physical qualities are properly matters for consideration as well as his particular relations to those for whose benefit relief is sought. And out of the uncertainty of the pecuniary advantages which his life might have afforded to them the jury are to find certainty to a reasonable extent in the evidence in support of their judgment of the pecuniary injury sustained. The cause of action was sustained by the evidence, and upon the facts, as found by the jury, the plaintiff was entitled to recover. The question is, did the jury have any basis furnished by the evidence to support the recovery of the amount of damages found by them? The deceased, it must be assumed, had good health and habits of industry. He had been with his father from childhood, and was engaged with him on the farm up to the time of his death. But it is said that it does not appear that his services were gratuitously bestowed for the father. There is no presumption to the contrary arising upon the proof, and without something to characterize or change the relation in respect to services continued under the same apparent conditions and circumstances, may be presumed to remain the same as between parent and child although the latter had passed the age of majority. That, however, relates to the present loss only, but it may evince something of the character of the relation between the father and the son. Old age has its wants which must be supplied, and demand care, attention and assistance, and it is more rational to assume that the father could receive those from his son than that he would not, and they may have in them much pecuniary value.

"The jury were permitted, in view of the liberal rule applied to the estimation of damages in this class of cases, to take into consideration the value to the father of all that a dutiful and worthy son might do for him to give him care, comfort, and so far as necessary support, so far as they involved pecuniary considerations. The death has taken from him whatever value the life of the son

would have for him in those, and such other respects as it may reasonably be inferred he might derive from him, of a pecuniary character, because it is in that respect alone that all the circumstances before suggested of deprivation of reasonably expected benefits are to be considered.   And in that view they seem to come within the construction and effect of the statute as given by adjudications in relation to the estimation of damages and the injuries, present and prospective, which may be treated as the sources of them.   (*Tilley* v. *H. R. R. R. Co.*, 29 N. Y., 252; *McIntyre* v. *N. Y. C. R. R. Co.*, 37 id., 286; *Houghkirk* v. *D. and H. C. Co.*, 92 id., 219; *Ihl* v. *Forty-second St., etc., R. R. Co.*, 47 id., 317; *Cornwall* v. *Mills*, 12 J. & S., 45; *Erwin* v. *Neversink Steamboat Co.*, 23 Hun, 573; *Lockwood* v. *N. Y., L. E. and W. R. R. Co.*, 98 N. Y., 523–526.)

"In *Franklin* v. *Southeastern Railway Company* (3 Hurl. & Norm., 211) and *Pennsylvania Railroad Company* v. *Adams* (55 Penn. St., 499) the conclusion was not to the contrary.   It was there held that the reasonable expectation of benefit from the continuance of the life of the deceased justified and supported the verdict for some amount for the plaintiff.   And the evidence in those cases was held sufficient to permit the jury to so find.

"While in the case at bar there was no evidence given of the pecuniary or physical condition of the father or of his age, the relation of father and son and the proof of the character and habits of the latter, with the fact that they were members of the same family, would seem to justify the finding of the jury that the father was permitted to have and had reasonable expectations of such future benefits from the son, of a nature treated as pecuniary, as his age, comfort and condition might require.   The only question raised in respect to damages by exception was to a refusal to charge that there was no basis for anything more than nominal damages, in the absence of proof that the services rendered by the deceased to his father were gratuitous, or that he rendered gratuitous services for, or was of some benefit to him in a pecuniary way.   If the views already given are correct the exception is not well taken.

"But the question is here whether the amount of the recovery is excessive, and we are required to see that the jury had information from the evidence to fairly justify the verdict in that respect.

" One element in the sources from which loss, to those for whose benefit a recovery in such case is had, is to be ascertained, is their age, condition and circumstances.

" There is an entire absence of evidence in any of those respects of the father of the deceased. That he was living is the only fact which can be assumed in relation to his condition upon the evidence. The prospective damages could not cover a period beyond that of his life. His age and the condition of his health were proper facts for the consideration of the jury. They might say that if his age was upwards of eighty years, that his pecuniary loss was not as great as if he were only sixty years of age. If his condition were such that he could not live but a few years, they might conclude that his loss would be less than if he might live many years.

" This would be wholly a matter for the jury and their judgment, and the question of damage is one for them to determine. There may have been more evidence, than that given upon the trial, to aid the jury in making their estimate of the damages sustained by the father. The measure of his recovery must be governed solely by the pecuniary injury resulting to him from the death of decedent.

" The age and habits of the deceased appeared, but the jury had no opportunity from the evidence to consider anything about the age or condition of the party whose loss they were to ascertain.

"And we think there was not sufficient evidence to enable the jury to conclude that it was equal to the amount of the recovery, and that the verdict must therefore be deemed excessive.

"And for that reason alone the judgment and order should be reversed and a new trial granted."

*John G. Milburn*, for the appellant.

*A. C. Calkins*, for the respondent.

Opinion by BRADLEY, J.; SMITH, P. J., and BARKER, J., concurred.

Judgment and order reversed and new trial ordered, costs to abide event.